FILED
United States Court of Appeals
Tenth Circuit

July 10, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GENE AUTREY BURRIS, SR.,
individually,

    Plaintiff-Appellant,

v.

BOB MOORE AUTO GROUP, INC.,
LLC; BOB MOORE IMPORTS BOB
MOORE KIA LLC; BOB MOORE
BUICK PONTIAC GMC LLC, and all 7
officers; MARK MOORE, President and
CEO of Bob Moore Auto Group, Inc.,
LLC; CHARLES GRIFFIN, VP Variable
Operations BMAG; SAVANNAH
EMERY, HR Generalist II BMAG;
CATHY TURNER, Payroll BMAG;
JEFF POWELL, General Manager
BMAG; JOHN GULLETT, Sales
Manager of Bob Moore Imports Bob
Moore Kia LLC; RALPH ASHLEY,
General Sales Manager of Bob Moore
Buick Pontiac GMC LLC,

    Defendants-Appellees.

No. 13-6067
(D.C. No. 5:12-CV-00440-HE)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1..

Before **TYMKOVICH**, **ANDERSON**, and **MATHESON**, Circuit Judges.

Plaintiff Gene Autrey Burris, Sr., brought this action claiming he had been discriminated and retaliated against in connection with his employment. Following the entry of judgment for defendants, he timely filed this appeal. He challenges only one ruling by the district court: the denial of his motion for default judgment based on the asserted untimeliness of defendants' answer to his third amended complaint. A brief summary of the few pertinent procedural facts will suffice to demonstrate that this appeal lacks merit.

Defendants successfully moved to dismiss Mr. Burris' original complaint. Granted leave to amend following the dismissal, Mr. Burris filed an amended complaint and then a second amended complaint in quick succession. Defendants again moved to dismiss. This time, the district court noted Mr. Burris still had not corrected a number of previously cited pleading deficiencies, but expressly deferred ruling on the motion to dismiss to give Mr. Burris one last opportunity to fix his complaint. R. Vol. 1, Pt. 1 at 366. Mr. Burris filed a third amended complaint on August 22, 2012, which put the pending motion to dismiss back at issue. On September 12, 2012, the district court granted the motion in part, dismissing claims involving individual defendants, who are not subject to liability under the applicable employment discrimination laws, *see Butler v. City of Prairie Village, Kan.*, 172 F.3d

- 2 -

736, 744 (10th Cir. 1999) (collecting cases); and denied it in part, holding that, liberally construed, the allegations against the corporate defendants "barely alleged" claims for discrimination and retaliation. R. Vol. 1, Pt. 2 at 90. The defendants filed their answer to these claims on September 26, 2012. Mr. Burris then moved for default judgment, arguing that defendants' answer was untimely because it was not submitted within twenty-one days of his third amended complaint, as required by Fed. R. Civ. P. 12(a)(1)(A)(i).

The district court denied the motion, noting that in light of its order reserving disposition of the pending motion to dismiss while Mr. Burris tried one last time to shore up his complaint, the answer was timely under Fed. R. Civ. P. 12(a)(4)(A). When a complaint has been challenged by a motion to dismiss, Rule 12(a)(4)(A) supplants the filing deadlines in Rule 12(a)(1)(A), tolling the time for an answer until fourteen days after notice that the motion has been denied (or, irrelevant here, after notice that resolution of the motion has been postponed until trial). This allowed defendants to answer the third amended complaint up to fourteen days after notice of the September 12 order denying (in part) their motion to dismiss—which they did on September 26.

On appeal, Mr. Burris persists in his misplaced reliance on Rule 12(a)(1)(A) and presents no cogent argument to challenge the district court's straightforward adherence to Rule 12(a)(4)(A). Nor is his cause advanced by his conclusory assertion that "time after time" the court "has shown nothing but Prejudice against

the Plaintiff for Not having a[n] attorney." Aplt. Br. at 4. That is not proper appellate argument, whether the party is counseled or pro se. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840-41 (10th Cir. 2005) (holding conclusory objection, lacking citations to authority and parts of the record supporting claim of error, inadequate to entitle pro se appellant to appellate review).

The judgment of the district court is affirmed.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge